Ross W. McLinden, Esq.
MOULTON BELLINGHAM PC
27 N. 27th St. Ste. 1900
P.O. Box 2559
Billings, MT 59103
Telephone: (406) 248-7731
ross.mclinden@moultonbellingham.com

Christopher R. Belmonte, Esq. (Admitted *Pro Hac Vice*)
Dai Wai Chin Feman, Esq. (Admitted *Pro Hac Vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, NY 10169
Telephone: (212) 818-9200
cbelmonte@ssbb.com
dchinfeman@ssbb.com

*Attorneys for Defendants and Counterclaim Plaintiffs Eastern Montana Minerals, Inc. and Musselshell Resources, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### (Billings Division)

| | |
|---|---|
| SIGNAL PEAK ENERGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EASTERN MONTANA MINERALS, INC., and MUSSELSHELL RESOURCES, LLC,<br><br>Defendants. | Case No.: 1:12-cv-00055-RFC<br><br>**DEFENDANTS/COUNTERCLAIM PLAINTIFFS' PROPOSED DISCOVERY PLAN** |

1

| |
|---|
| EASTERN MONTANA MINERALS, INC., and MUSSELSHELL RESOURCES, LLC, <br><br>                    Counterclaim Plaintiffs, <br><br>         v. <br><br> SIGNAL PEAK ENERGY, LLC; FIRSTENERGY CORP.; FIRSTENERGY VENTURES CORP.; FIRSTENERGY GENERATION CORP.; GUNVOR GROUP, LTD.; PINESDALE LLC; BOICH COMPANIES, LLC; WMB MARKETING VENTURES, LLC; GLOBAL COAL SALES GROUP, LLC; and GLOBAL MINING HOLDING COMPANY, LLC, <br><br>                    Counterclaim Defendants. |

In accordance with Fed. R. Civ. P. Rule 26(f), Defendants/Counterclaim Plaintiffs Eastern Montana Minerals, Inc. and Musselshell Resources, LLC (collectively "EMM") attempted in good faith to confer with all parties in an effort to submit a Joint Discovery Plan ("JDP"). EMM even went so far as to circulate a draft JDP to all counsel and set up a conference call at time that worked for all counsel. However, after all counsel indicated their intent to participate in a Rule 26(f) Conference, counsel for the opposing parties subsequently withdrew from participation. Consequently, and pursuant to Rule 26(f)(3), EMM submit the following Discovery Plan:

A.  **Changes to Timing, Form, or Requirement of Initial Disclosures.**

With respect to Rule 26(f)(3)(A), EMM do not believe that there is a reason to deviate from the requirements of Rule 26(a)(1). EMM will serve their Initial Disclosures according to the requirements of Fed. R. Civ. P. 26(a)(1)(C).

B.  **Discovery Subjects and Phases.**

With respect to Rule 26(f)(3)(B), EMM propose that discovery shall be completed no later than **August 23, 2013**. Discovery need not be conducted in phases or limited to or focused on particular issues, except as required by Rule 26(b)(1). At the present time, the parties anticipate conducting discovery on, at least, the following subjects:

(1)  The declarations sought by SPE;

(2)  The declarations sought by EMM and allegations of liability set forth in EMM's Counterclaims,

(3)  The affirmative defenses asserted by the Counterclaim Defendants;

(4)  The damages allegedly sustained by EMM; and

(5)  Any other subjects which may arise during the course of discovery.

C.  **Discovery of Electronically Stored Information.**

With respect to Rule 26(f)(3)(C), EMM foresee no dispute or issues regarding disclosure or discovery of electronically-stored information. EMM shall

preserve all electronically-stored information related to the facts, claims, and defenses asserted in this lawsuit.

### D.  Claims of Privilege/Protection.

With respect to Rule 26(f)(3)(D), EMM do not foresee any issues with respect to claims of privilege or protection of trial preparation material. EMM agree that any party asserting a privilege must produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A).

#### 1.  Protective Orders and Confidential Information.

EMM agree that should any issue arise with respect to discoverable information that is deemed to be confidential, they will enter into a stipulation for a Protective Order governing production of confidential information. EMM also agree that if any document or other information (including electronically stored information) is subject to protection from discovery because of the attorney/client privilege or as trial preparation material, and is inadvertently produced (in whole or in part), they may seek to retrieve such information or documents or parts of documents by giving written notice to all parties who received copies of the produced information or documents, and requesting the immediate return or destruction of the production information or documents and all copies. EMM shall seek to retrieve inadvertently produced documents or information by sending the written notice to the recipient(s) of the document or information, within 45 days of

the party's actual notice that the documents or information were inadvertently produced or within 20 days from the date such document is first listed as a trial exhibit, whichever first occurs, unless otherwise agreed by the parties or ordered by the Court. As used in this paragraph, "actual notice" shall include, without limitation, the marking of a document as an exhibit at a deposition, listing the document as an exhibit, or submission of such a document to the Court in this case. Within 30 days of receipt of such a written request, EMM further agrees that any party who received the document or information shall confirm in writing that it has either returned or destroyed all copies of such document and information in its possession or control or advise EMM that it disagrees with the privilege claimed and thereafter, EMM shall file an appropriate motion with the Court for the return of the document.  EMM agree that the inadvertent disclosure is not a basis to claim waiver of any privilege.

**E.** **Changes for Limitations in Discovery.**

With respect to Rule 26(f)(3)(E), EMM see no need for changes to be made to limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules.

**F.      Other Orders.**

With respect to Rule 26(f)(3)(F), EMM do not anticipate any orders that the Court need enter at this time.  Additionally, EMM propose the following agreed-upon deadlines in this matter:

(1) EMM propose **February 18, 2013** as the deadline for the joinder of parties or amendment of pleadings;

(2) Disclosure of expert witnesses shall comply with Fed. R. Civ. P. 26(a)(2)(B).  EMM propose the following schedule for the disclosure of experts:

   a. The simultaneous disclosure of all liability and/or damages experts intended to be called at trial shall be served by **June 24, 2013**.

   b. All parties shall serve rebuttal expert disclosures (if any) by **July 22, 2013**.  Any party may disclose a rebuttal expert witness irrespective of whether that party originally disclosed an expert witness, but such rebuttal expert disclosure must be limited to rebuttal issues.

   c. Expert discovery (including depositions) shall close on the Discovery Deadline (August 23, 2013).

All other deadlines will be set by the Court at the Preliminary Pretrial Conference.

**DATED** this 24th day of September, 2012.

        MOULTON BELLINGHAM PC

        By:   /s/ Ross W. McLinden
             ROSS W. MCLINDEN
             27 N. 27th St., Ste. 1900
             P.O. Box 2559
             Billings, MT 591033

        SATTERLEE STEPHENS BURKE &
        BURKE LLP

        By:   /s/ Christopher R. Belmonte
             CHRISTOPHER R. BELMONTE
             DAI WAI CHIN FEMAN
             230 Park Avenue
             New York, New York 10169
             (Admitted *Pro Hac Vice*)

*ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS EASTERN MONTANA MINERALS, INC. AND MUSSELSHELL RESOURCES, LLC*

*4839-2280-8081, v. 2*