Ross W. McLinden, Esq.
MOULTON BELLINGHAM PC
27 N. 27th St. Ste. 1900
P.O. Box 2559
Billings, MT 59103
Telephone: (406) 248-7731
ross.mclinden@moultonbellingham.com

Christopher R. Belmonte, Esq. (Admitted *Pro Hac Vice*)
Dai Wai Chin Feman, Esq. (Admitted *Pro Hac Vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, NY 10169
Telephone: (212) 818-9200
cbelmonte@ssbb.com
dchinfeman@ssbb.com

*Attorneys for Defendants and Counterclaim Plaintiffs Eastern Montana Minerals, Inc. and Musselshell Resources, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### (Billings Division)

| | |
|---|---|
| SIGNAL PEAK ENERGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EASTERN MONTANA MINERALS, INC., and MUSSELSHELL RESOURCES, LLC, <br><br><br> Defendants. | Case No.: 1:12-cv-00055-RFC <br><br><br> **DEFENDANTS/COUNTERCLAIM PLAINTIFFS' *RESPONSE* IN *OPPOSITIO*N TO COUNTERCLAIM DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

EASTERN MONTANA MINERALS,
INC., and MUSSELSHELL RESOURCES,
LLC,

                    Counterclaim Plaintiffs,

                      v.

SIGNAL PEAK ENERGY, LLC;
FIRSTENERGY CORP.; FIRSTENERGY
VENTURES CORP.; FIRSTENERGY
GENERATION CORP.; GUNVOR
GROUP, LTD.; PINESDALE LLC;
BOICH COMPANIES, LLC; WMB
MARKETING VENTURES, LLC;
GLOBAL COAL SALES GROUP, LLC;
and GLOBAL MINING HOLDING
COMPANY, LLC,

                    Counterclaim Defendants.

       Defendants/Counterclaim Plaintiffs Eastern Montana Minerals, Inc. and Musselshell Resources, LLC (collectively "EMM") respectfully file this Response in Opposition to the Counterclaim Defendants' Motion for a Protective Order [Doc. 95] (and Joinder therein [Doc. 97]).

## **INTRODUCTION**

       The Counterclaim Defendants ("C-Defendants") move for a Protective Order "forbidding … discovery" under Fed. R. Civ. P. 26(c)(1)(A).  In accordance with that Rule, this Court may, "for good cause," issue such an order.  As explained by the Ninth Circuit, a party seeking a stay of discovery carries a "heavy

burden" of making a "strong showing" why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (citation omitted).

Here, the C-Defendants cannot make a strong showing as to why discovery should be denied. This is particularly true with respect to SPE, which will remain in this case regardless of the outcome of the pending Motions to Dismiss (MTD's). Thus, this Court should deny the Motion for a Protective Order ("PO") in its entirety, or, at the very least, permit jurisdictional discovery as to seven of ten C-Defendants and permit discovery to proceed by and between EMM and SPE with respect to those claims which have not been challenged (Counts 1, 2, and 9 of EMM's Counterclaims).

## LEGAL STANDARD & APPLICABLE TEST

"[T]he Federal Rules of Civil Procedure does [sic] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejneky v. Olympus Imaging America, Inc.*, 2011 WL 489743, *6 (E.D. Cal.). "In fact, such a notion is <u>directly at odds with the need for expeditious resolution of litigation.</u>" *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (citation omitted) (emphasis added). As explained above, "a motion for a protective order seeking to preclude discovery must be supported by 'good cause' and a 'strong showing.'" *Mlejneky*, 2011 WL 489743, * 6 (citations omitted).

"In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending," a court should be guided by Fed. R. Civ. P. 1. *FTC v. AMG Services, Inc.*, 2012 WL 3730561, *4 (D. Nev.) (Aug. 28, 2012).  That Rule states that all Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* (emphasis added). "With this Rule as its prime directive, this Court must decide whether it is more just to speed the parties along in discovery … while a dispositive motion is pending, or whether it is more just to delay or limit discovery … to accomplish the inexpensive determination of the case." *Id.*

"The court must weigh the expense of discovery with the underlying principle that a stay of discovery should only be ordered if the court is '***convinced***' that a plaintiff will be unable to state a claim for relief." *Id*. (emphasis added).  To "convince" a court, the moving party must show more than just an apparently meritorious claim. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (citations omitted).  This process requires a court to take a "preliminary peek" at the merits of the underlying motion. *See id.*  A "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome.  Rather, [a] court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Fed.R.Civ.P. 1." *Id.*

4

In light of the considerations outlined above, many federal courts in the Ninth Circuit[1] apply the following two-part test:

(A)     First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought.

(B)     Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery.

*AMG Services, Inc.*, 2012 WL 3730561, *4.

If both prongs are met, a protective order <u>*may*</u> be issued; otherwise, discovery should proceed. *See id.* (emphasis added).  In the end though, this test is merely a guidepost for complying with the linchpin that is Fed. R. Civ. P. 1.

## <u>ARGUMENT</u>

The C-Defendants cannot satisfy the two-part test outlined above. Consequently, EMM respectfully ask this Court to deny the Motion for a PO in its entirety.  All but three C-Defendants have pending MTD's for lack of personal jurisdiction.  Thus, EMM will address them as a whole.  Likewise, since all C-Defendants besides SPE have filed MTD's that would be dispositive of the entire action (if granted in whole), EMM will address them as a group.  Finally, since

---

[1]     The Ninth Circuit has yet to explicitly enumerate factors that a district court should apply in deciding a motion to stay discovery while a dispositive motion is pending. *See FTC v. AMG Services, Inc.*, 2012 WL 3730561, *4 (D. Nev.).

SPE is unique in that its MTD will not be dispositive of this entire action even if granted in full, EMM will address SPE separately.

## I.   DISCOVERY SHOULD PROCEED DESPITE THE PENDING MTD'S FOR LACK OF JURISDICTION.

Gunvor, Pinesdale, FE, FE Ventures, Boich, WMB, & Global Mining (7 of 10 C-Defendants) all claim a lack of personal jurisdiction.  Nevertheless, once this Court takes a "preliminary peek" at the pending MTD's, it will see that discovery should proceed against all of them.

At the forefront, it bears noting that, regardless of the type of MTD, discovery should nonetheless proceed if discovery is required to address the issues raised in the MTD. *See AMG Services, Inc.*, 2012 WL 3730561, *6.  In fact, with respect to MTD's for lack of jurisdiction, the Ninth Circuit has noted that if the discovery sought is relevant to whether or not a court has jurisdiction, <u>a stay is "improper."</u> *Alaska Cargo Transport, Inc. v. Alaska, R.R. Corp*, 5 F.3d 378, 383 (9th Cir.).

In this case, and as explained in their Response to the MTD's, EMM should be allowed to conduct jurisdictional discovery:

> [B]ecause the extent of many of the Counterclaim Defendants' involvements in transactions in issue is contested, this Court should permit discovery. *See Laub*, 342 F.3d at 1093. More specifically, <u>EMM should be allowed to investigate the relationship between Gunvor, FE, Boich, and the degree to which they control SPE.</u> As the foregoing demonstrate, these three entities hold themselves out as

essentially running SPE, despite <u>the web of corporate shells involved</u>.
If that is true, that subjects them to jurisdiction in Montana.

(EMM's Response at pgs. 47-48 [Doc. # 91]) (Emphasis added).

While EMM contends it has submitted ample evidence of the interrelatedness and collusion of these C-Defendants to subject them to personal jurisdiction in Montana, if this Court does not agree, EMM should be allowed to more fully explore its contentions through discovery.  EMM can only learn so much through their own investigative efforts – efforts which SPE continues to try and stonewall EMM in an effort to shield the other C-Defendants.  As merely one example, EMM as recently learned (after briefing on the MTD's was completed) that Gunvor has been buying coal from SPE in direct contradiction of Gunvor's statements in its Answer that all coal has been sold to FE.  EMM recently discovered this information through the audit that EMM and SPE are currently embroiled in – the same audit which SPE continues to fail to fully cooperate with.

Ultimately, EMM merely desires to begin the discovery process as soon as possible in hope of obtaining the speedy determination of this action.  The longer discovery is forestalled, the longer this case will drag on and the more expensive it will become for every party.  Thus, all of the goals of Fed. R. Civ. P. 1 are accomplished by beginning the discovery process now – a process which, in this case, can be limited to jurisdictional issues for these seven C-Defendants for the time-being.

## II.   DISCOVERY SHOULD PROCEED DESPITE THOSE PARTIES' MTD'S THAT SEEK DISMISSAL OF THE ENTIRE ACTION.

Gunvor, Pinesdale, FE, FE Ventures, Boich, WMB, Global Mining, FE Generation and Global Coal (9 of 10 C-Defendants) seek dismissal of the entire action as it relates to them based upon alleged failures to state claims.  The MTD's in this regard will only be dispositive of the entire action if this Court is "convinced" that each one of EMM's counts as to each C-Defendant fails to state a claim.  This heavy standard is one which the C-Defendants cannot meet.

EMM is confident that once this Court takes a preliminary peak at the merits of EMM's 135 paragraph long Counterclaims, combined with the 88 pages of exhibits attached to EMM's Response to the MTD's, it will not be "convinced" that EMM has failed to state claims.  If even one claim survives, this Court should permit discovery to proceed in that regard. *See AMG Services, Inc.*, 2012 WL 3730561, *8 ("The Motion will therefore not be potentially dispositive of the entire case and a stay is not appropriate.").

In addition, the Court should not be overly swayed by the factors which the C-Defendants claim make discovery expensive and burdensome in this case.  For instance, the C-Defendants suggest time differences, language barriers, and the location of counsel will cause discovery to be particularly burdensome. (*See* C-Def.'s Brf. at pg. 5).  The C-Defendants apparently ignore the fact that the parties involved here are very sophisticated entities – many of which regularly conduct

business throughout many time zones and in many different languages.  Likewise, the C-Defendants apparently forget that all parties have local counsel here in Montana, and given the availability of video conferencing and the like, the location of witnesses, parties, and counsel is not nearly an issue in litigation anymore.  In the end, these excuses are the only reasons that the C-Defendants have to argue that discovery would be particularly burdensome and expensive, and these reasons are all illusory.

Finally, it must be noted that the C-Defendants attempt to rely upon this Court's holding in *McCollough v. Minnesota Lawyers Mutual Insurance, Co.*, 2009 U.S Dist. LEXIS 124555 (D. Mont.) to support a stay of discovery in this case.  As this Court is likely aware, *McCollough* dealt with entirely different circumstances.  First, *McCollough* involved two separate but related cases. *See id*. at *2.  That certainly is not the situation here.  Moreover, the *Landis* standard which was applied in *McCollough* (and recited by the C-Defendants in this case) is designed to address a request for stay of an entire case – not a stay of discovery. *See id.* at *8-9.  Furthermore, even if the *Landis* standard applied to stays of discovery, two of its factors favor EMM, and the remaining two have no applicability given that there are not multiple proceedings at issue here.

First, given that the briefing on the MTD's only concluded approximately one month ago, and this Court has the arduous task of ruling on ten (10) separate

MTD's – each one of which containing multiple arguments – it may be many more months before this Court can rule on the MTD's, and EMM certainly do not intend to rush the Court.

Second, and perhaps most importantly, the C-Defendants attempt to mislead this Court regarding the second factor of the *Landis* standard. (*See* C-Def.'s Brief at pg. 7). Since EMM do in fact allege continuing harm, and do in fact seek declaratory relief, a stay would be entirely inappropriate here. With every month that passes, EMM suffer more and more damages, amounting to hundreds of thousands, if not millions, of dollars. A stay of discovery further compounds that continuing injury by further prolonging this action.

In the end, this Court has the choice of beginning the discovery process so that EMM can stem the flow of its damages as soon as possible, or it can prolong the period in which EMM will suffer loss merely to avoid discovery – the cost of which paling in comparison to EMM's continuing damages.

## III.   AT THE VERY LEAST, DISCOVERY SHOULD PROCEED AGAINST SPE.

There is more cause to allow discovery to proceed against SPE then with all other C-Defendants combined: SPE's MTD will not be dispositive of the entire action even if this Court grants the MTD in full. No matter the outcome, the following claims will still exist against SPE:

Count 1 of EMM's Counterclaims:    Breach of Contract

Count 2 of EMM's Counterclaims:    Breach of the Covenant of
Good Faith & Fair Dealing

Count 9 of EMM's Counterclaims:    Declaratory Judgment

Thus, this Court should, at the very least, permit discovery to proceed by and between EMM and SPE in regard to those three claims.  Likewise, should this Court not be "convinced" that EMM cannot state a claim against SPE in regard to EMM's other Counts, it should also permit discovery with respect to those claims as well.

## **CONCLUSION**

EMM respectfully ask this Court to deny the C-Defendants Motion for a PO in its entirety.  The C-Defendants cannot meet the heavy burden of "convincing" this Court that EMM has failed to state a claim and failed to establish personal jurisdiction.

In the alternative, and at the very least, EMM respectfully ask this Court to allow EMM to conduct jurisdictional discovery in regard to the seven C-Defendants who challenge jurisdiction.  EMM also respectfully ask this Court to permit discovery by and between EMM and SPE in regard to those claims which are unchallenged.

**DATED** this 2nd day of October, 2012.

MOULTON BELLINGHAM PC


By:____/s/ Ross W. McLinden_____
        ROSS W. MCLINDEN
        27 N. 27th St., Ste. 1900
        P.O. Box 2559
        Billings, MT 591033


SATTERLEE STEPHENS BURKE &
BURKE LLP


By:____/s/ Christopher R. Belmonte_____
        CHRISTOPHER R. BELMONTE
        DAI WAI CHIN FEMAN
        230 Park Avenue
        New York, New York 10169
        (Admitted *Pro Hac Vice*)

*ATTORNEYS FOR DEFENDANTS AND*
*COUNTERCLAIM PLAINTIFFS EASTERN*
*MONTANA MINERALS, INC. AND*
*MUSSELSHELL RESOURCES, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 7.1(d)(2)(e) of the U.S. District Court for the District of Montana, I certify that this document is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Word is 2,199, excluding the Caption, Signature Line, and Certificate of Compliance.

**DATED** this 2nd day of October, 2012.

MOULTON BELLINGHAM PC


By:   /s/ Ross W. McLinden
      Ross W. McLinden
      27 N. 27th St., Ste. 1900
      Billings, MT 591033


SATTERLEE STEPHENS BURKE & BURKE LLP


By:   /s/ Christopher R. Belmonte
      Christopher R. Belmonte
      Dai Wai Chin Feman
      230 Park Avenue
      New York, New York 10169
      (Admitted *Pro Hac Vice*)

*4818-4755-4833, v. 2*