Ross W. McLinden, Esq.
MOULTON BELLINGHAM PC
27 N. 27th St. Ste. 1900
P.O. Box 2559
Billings, MT 59103
Telephone: (406) 248-7731
ross.mclinden@moultonbellingham.com

Christopher R. Belmonte, Esq. (Admitted *Pro Hac Vice*)
Dai Wai Chin Feman, Esq. (Admitted *Pro Hac Vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, NY 10169
Telephone: (212) 818-9200
cbelmonte@ssbb.com
dchinfeman@ssbb.com

*Attorneys for Defendants and Counterclaim Plaintiffs Eastern Montana Minerals, Inc. and Musselshell Resources, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### (Billings Division)

| | |
|---|---|
| SIGNAL PEAK ENERGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EASTERN MONTANA MINERALS, INC., and MUSSELSHELL RESOURCES, LLC, <br><br><br> Defendants. | Case No.: 1:12-cv-00055-RFC <br><br><br><br> **DEFENDANTS/COUNTERCLAIM PLAINTIFFS' _REPLY_ TO COUNTERCLAIM DEFENDANTS' RESPONSE TO PROPOSED DISCOVERY PLAN** |

1

EASTERN MONTANA MINERALS,
INC., and MUSSELSHELL RESOURCES,
LLC,

               Counterclaim Plaintiffs,

               v.

SIGNAL PEAK ENERGY, LLC;
FIRSTENERGY CORP.; FIRSTENERGY
VENTURES CORP.; FIRSTENERGY
GENERATION CORP.; GUNVOR
GROUP, LTD.; PINESDALE LLC;
BOICH COMPANIES, LLC; WMB
MARKETING VENTURES, LLC;
GLOBAL COAL SALES GROUP, LLC;
and GLOBAL MINING HOLDING
COMPANY, LLC,

               Counterclaim Defendants.

Defendants/Counterclaim Plaintiffs Eastern Montana Minerals, Inc. and Musselshell Resources, LLC (collectively "EMM") respectfully file this Reply to the Response [doc. 101] and Joinder therein [doc. 102] filed by the Counterclaim Defendants ("C-Defendants") in regard to EMM's Proposed Discovery Plan [doc. 98].

## BACKGROUND AND ARGUMENT

This case was removed to federal Court more than five months ago (April 26, 2012). In those five months, no discovery has been conducted, in part because the parties were busy briefing Motions to Dismiss ("MTD's"). During those five months though, EMM's injures have continued to increase due to the wrongful

actions and stalling tactics of the C-Defendants.  In fact, with each month that passes, EMM's injuries increase by hundreds of thousands, if not millions, of dollars as SPE continues to sell coal to Gunvor at market prices (as admitted in SPE's own financial statements) while wrongfully telling EMM and this Court that all such sales are made to FE at market prices (which are in fact much lower than those of Gunvor).  Quite understandably then, EMM desire to begin the discovery process as soon as possible to obtain the speediest resolution of this case practical (i.e., stem the losses as fast as possible).

Before being able to begin the discovery process, however, the Rules of Civil Procedure require the parties to attempt to confer regarding a discovery plan ("DP"):

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)….

Fed. R. Civ. P. 26(d)(1).

Rule 26(f) does not prescribe when a party can attempt to confer.  Rather, it states that "parties must confer as soon as practicable…." *Id*. at 26(f)(1) (emphasis added).  On the other hand, the Rule does dictate the outer limits of when parties must confer – "and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due…." *Id*.  Thus, as this Court can see, there is no requirement that a scheduling conference be calendared before a Rule 26(f)

Conference is held.[1]   Consequently, in early September 2012, EMM set out to schedule a Rule 26(f) Conference with all parties in order for EMM to meet its obligations under Rule 26(f) and then proceed with discovery.

Initially, Gunvor and Pinesdale indicated they would participate in a Rule 26(f) Conference.   The remaining C-Defendants, however, initially refused to participate.   Nevertheless, after EMM reminded these C-Defendants of their good faith obligation to attempt to agree on a proposed DP, these C-Defendants indicated that they would participate.   After EMM had obtained a date and time for the 26(f) conference that worked for all parties, Gunvor and Pinesdale thereafter retracted their intent to participate and indicated their intent to file a Motion for a Protective Order ("PO"). The remaining C-Defendants then once again changed their minds – this time, refusing to participate in a Rule 26(f) Conference.

Since EMM continued to incur further damage with the passage of time, and since all parties initially agreed to participate, EMM proceeded forward with a Rule 26(f) Conference call on September 19, 2012 at 11:00 a.m. (eastern time), a time which worked for all parties.   EMM even went so far as to circulate a proposed Joint DP beforehand in an effort to meet its good faith obligations under Rule 26.  None of the C-Defendants attended that call.

---

[1]        In fact, it seems rather practical to conduct a Rule 26(f) Conference and submit a DP before a Scheduling Conference is calendared – that way, a court need not bother with calendaring the 21-day gap – instead, it can calendar a Scheduling Conference at its convenience.

It is now EMM's position that they have satisfied their obligations under Rule 26 – EMM have "attempt[ed] in good faith to agree on [a] proposed discovery plan, and [have] submitted[ed] to the court within 14 days after the conference a written report outlining the plan," which they propose as reasonable. Fed. R. Civ. P. 26(f)(2).  EMM can therefore proceed with discovery (absent any Order by this Court limiting such discovery).

While Gunvor and Pinedale suggest that EMM has under-mined the purpose of Rule 26 by not submitting a joint DP (*see* Resp. at pg. 2), the inability to submit a joint DP was not the result of a lack of trying on EMM's part.  Rather, EMM made diligent efforts to agree on a joint DP.  The only thing preventing that from happening was the C-Defendants' own unwillingness to participate.  EMM should not be held hostage to their refusals to participate as required by Rule 26.

Furthermore, and contrary to Gunvor and Pinesdale's assertions (*see* Resp. at pg. 2), EMM's attempts to conduct a Rule 26(f) Conference are not an end-run-around of the pending Motion for a PO.  How could they be, since EMM was attempting to conduct such a conference before Gunvor and Pinesdale ever even indicated the possibility of a Motion for a PO?  In any event, EMM will certainly comply with any Order issued by this Court, and of course does not intend to proceed with any discovery until this Court has ruled on the Motion for a PO.

Finally, EMM's submission of what they believe to be a reasonable DP [doc. 98] is efficient in light of the other parties' unwillingness to participate. In fact, it is not uncommon for parties to be unable to agree on all aspects of a DP, and therefore submit their own DP's (or at least indicate each side's position in any JDP that is submitted). In the end, if parties cannot agree on a JDP, what else is there but for each party to submit its own DP? That is exactly what EMM has done here, and that is all that can be expected under the circumstances. Consequently, EMM has met its obligations under Rule 26, and if this Court permits discovery (of any kind) to proceed in light of the pending Motion for a PO, EMM respectfully asks that it not have to again attempt to confer with the C-Defendants regarding a DP.

## CONCLUSION

EMM has gone above and beyond the good faith obligations imposed upon parties under Rule 26(f) to attempt to agree on a DP with the C-Defendants. Nothing more should be required of EMM in this regard, and if this Court permits discovery, EMM respectfully ask this Court to allow EMM to proceed with such discovery without further delay under Rule 26(f).

//

//

//

6

**DATED** this 3rd day of October, 2012.

MOULTON BELLINGHAM PC

By:    /s/ Ross W. McLinden
        ROSS W. MCLINDEN
        27 N. 27th St., Ste. 1900
        P.O. Box 2559
        Billings, MT 591033


SATTERLEE STEPHENS BURKE &
BURKE LLP


By:    /s/ Christopher R. Belmonte
        CHRISTOPHER R. BELMONTE
        DAI WAI CHIN FEMAN
        230 Park Avenue
        New York, New York 10169
        (Admitted *Pro Hac Vice*)

*ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIM PLAINTIFFS EASTERN
MONTANA MINERALS, INC. AND
MUSSELSHELL RESOURCES, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 7.1(d)(2)(e) of the U.S. District Court for the District of Montana, I certify that this document is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Word is 1,062, excluding the Caption, Signature Line, and Certificate of Compliance.

**DATED** this 3rd day of October, 2012.

MOULTON BELLINGHAM PC


By:   /s/ Ross W. McLinden
      Ross W. McLinden
      27 N. 27th St., Ste. 1900
      Billings, MT 591033


SATTERLEE STEPHENS BURKE & BURKE LLP


By:   /s/ Christopher R. Belmonte
      Christopher R. Belmonte
      Dai Wai Chin Feman
      230 Park Avenue
      New York, New York 10169
      (Admitted *Pro Hac Vice*)

*4842-4991-4897, r. 2*