IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SIGNAL PEAK ENERGY, LLC, | CV-12-55-BLG-RFC |
| Plaintiff, | |
| vs. | ORDER SETTING PRELIMINARY PRETRIAL CONFERENCE |
| EASTERN MONTANA MINERALS, INC., and MUSSELSHELL RESOURCES, LLC, | |
| Defendants. | |

Complaint having been filed in this case, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and L.R. 16.1, 16.2 and 26.1,

**IT IS ORDERED:**

1. Pursuant to Fed. R. Civ. P. 16(b), lead trial counsel for the respective parties shall appear through **conference call at 9:30 a.m. Mountain Time on Tuesday, April 9, 2013**, for the purpose of participating in the preliminary pretrial conference. The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case. Counsel should prepare to take part in meaningful discussions of material contained in the pretrial statements. The case management plan resulting from the preliminary pretrial conference <u>is not subject to revision</u> absent compelling reasons.

2. Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties.

3. If it is impossible for lead trial counsel to participate in the preliminary pretrial conference at the above time, application for an extension of time must be made by motion to the Court no less than fourteen (14) days before the conference.

The motion must certify that opposing counsel has been contacted concerning the extension and state whether opposing counsel objects.  Requests to change the pretrial conference date will not be granted absent a demonstrated showing of good cause.  **The Judge's law clerk will initiate the call.  Local counsel are welcome to appear in person in Chambers.**

      4.  On or before **March 12, 2013,** lead counsel for the respective parties shall confer to consider the matters listed in Fed. R. Civ. P. 26(f).  On or before **April 2, 2013**, the parties shall jointly file with the Court a written report outlining the discovery plan formulated at the conference.

      Pursuant to Fed. R. Civ. P. 26(f)(2), the parties will design the discovery plan to require simultaneous disclosure of all liability experts.  Plaintiff's damages experts shall be disclosed on the same day.  Defendant's damages experts shall be disclosed thirty days thereafter.  Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2)(B) on or before the deadline for disclosure.  Discovery shall close thirty to sixty days after the deadline for disclosure of Defendant's damages experts.  The parties should propose a date certain for the close of discovery.  Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

      The parties should also bear in mind that, as the case develops, they may agree among themselves to extend discovery.  Fed. R. Civ. P. 29.  However, <u>the discovery deadline set by the Court will not be continued</u>, nor will the Court entertain discovery motions based on post-deadline occurrences.

      5.  On or before **April 2, 2013,** counsel for the respective parties shall each file a preliminary pretrial statement.  See Fed. R. Civ. P. 26(a)(1).  The statement shall address all matters listed in L.R. 16.2(b)(1).

      6.  Each party to the case must be represented at the pretrial conference by at least one person with authority to enter stipulations.  The Court intends to implement Rule 1 and Rule 16 of the Federal Rules of Civil Procedure to the fullest extent possible.

      7.  Prior to the preliminary pretrial conference, the parties shall confer with one another and consider whether participation in an Early Neutral Evaluation would be beneficial to the abovementioned case.  If the parties agree, this Court shall order Early Neutral Evaluation.  Even if the parties disagree, this Court may order Early Neutral Evaluation. L.R. 16.6(B)(2).

8.  <u>Counsel are advised that incomplete or inadequate information on the preliminary pretrial statement will be deemed an admission by counsel that the matter is non-complex and may result in the case being set on an expedited trial docket.</u>

**DATED** this 20th day of February, 2013.

*/s/ Richard F. Cebull*_____
Richard F. Cebull
U. S. District Judge