RECEIVED

JUN 20 2013

CLERK, U.S. DISTRICT
DISTRICT OF MONTANA
BILLINGS, MONTANA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### (Billings Division)

SIGNAL PEAK ENERGY, LLC,

           Plaintiff and
           Counterclaim Defendant,

   -vs-

EASTERN MONTANA MINERALS,
INC., and MUSSELSHELL RESOURCES,
LLC,

           Defendants and Counterclaim
           Plaintiffs.

Case No.: CV 12-55-BLG-SEH

**STIPULATION OF
CONFIDENTIALITY &
PROTECTIVE ORDER**

     In order to preserve and maintain the confidentiality of certain information, documents and tangible things to be identified and produced in this case, and to facilitate the prompt resolution of disputes over confidentiality, protect material entitled to confidential treatment, and ensure that the exchanged information is used solely for the purposes of the above-captioned Action, the Court enters this Stipulation of Confidentiality and Protective Order ("Protective Order"):

     1.    This Protective Order governs the use and dissemination of documents and information produced in discovery or provided pursuant to subpoena to any party or its representatives (the "Receiving Party") in the above-

1682274_1

captioned action (the "Litigation") when the party or its representatives producing or providing the documents or information (the "Producing Party") designates them as "Confidential" under the terms of this Protective Order.  It does not apply to (a) documents or information already in the Receiving Party's possession; (b) documents or information that the Receiving Party obtains by means other than discovery served or subpoenas issued in connection with the Litigation; or (c) a Producing Party's use of its own "Confidential" documents or information.

      2.     Documents, materials and things to be produced in this Litigation that a party contends, in good faith, to contain trade secrets, proprietary information, or other commercially sensitive information may be designated as "Confidential." Such party (the "Designating Party") shall designate materials as Confidential by stamping or labeling such documents and materials in a manner that does not cover, obscure or alter any portion of the content of such materials (e.g., documents shall be stamped or labeled at the top or bottom of the page whenever possible, but not over the text).  Except as otherwise indicated in this Order, documents designated as Confidential shall be disclosed only as designated below.

1682274_1

3.      The parties shall use documents and information that are designated as "Confidential" under this Protective Order *__solely__* for purposes of the Litigation unless otherwise allowed by Court Order.

4.      The burden of proving that a Confidential document contains trade secrets, proprietary, or other commercially sensitive information is upon the Designating Party. This Protective Order does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of materials. A Receiving Party may object that any designation of any document, material, or thing as Confidential exceeds the intended scope of this Order, by notifying (in writing) counsel for the designating party of their objection. Within ten (10) days of delivery of any such written notice, counsel for the parties shall confer (by telephone or other means) and attempt to informally resolve the objection. If the parties are unsuccessful in attempting to informally resolve the objection, then no later than thirty (30) days after sending the written notice, the Receiving Party may file a motion contesting the designation made relating to the documents or information at issue. Any document designated as a Confidential document shall remain protected by this Order unless the designation is withdrawn or the Court orders otherwise.

1682274_1

5.      Except upon the prior written consent of the parties or upon further Order of this Court, documents designated as Confidential and the information contained therein may be shown, disseminated or disclosed only to the following persons:

  a.    Counsel representing or advising a named party regarding the prosecution or defense of the Litigation, whether or not as counsel of record, and other members and employees of counsels' law firms assisting in the preparation or trial of this case;

  b.    Experts and consultants retained for the preparation or trial of this case;

  c.    Such personnel of the parties to the Litigation that are involved in the prosecution and/or defense of this Litigation.

6.      Before being given access to any of the Confidential documents or the information contained therein, each person described in paragraph 5 above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall consent in writing to be bound by the terms of this Order and to submit to the jurisdiction of this Court.

7.     Any Receiving Party that receives a request or subpoena for the production or disclosure of documents or information that a Designating Party has designated as "Confidential" under the terms of this Protective Order shall, within three business days, give the Designating Party written notice (via facsimile, electronic mail, and U.S. mail) of the request or subpoena and forward a copy of the request or subpoena.  The notice shall be given to the Designating Party at the following locations:

If to Plaintiff:     Bruce A. Americus, Esq.
                     Buchanan Ingersoll & Rooney PC
                     One Oxford Centre
                     301 Grant Street, 20th Floor
                     Pittsburgh, PA 15219
                     bruce.americus@bipc.com
                     Fax:  (412) 562-1041

If to EMM:           Christopher R. Belmonte, Esq.
                     Satterlee, Stephens, Burke & Burke LLP.
                     230 Park Avenue
                     New York, N.Y. 10169
                     Cbelmonte@ssbb.com
                     Fax: (212) 818-9606

Provided that the Designating Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the Receiving Party shall not produce or disclose the requested information without

Page 5 of 10

consent of the Designating Party or until ordered to do so by a court of competent jurisdiction and if the order directing production or disclosure is stayed, then not until all related appeals to the issue of production or disclosure have been exhausted.

8.     If a Receiving Party discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "Confidential" to any person or entity not authorized to review it under the terms of this Protective Order, the Receiving Party shall promptly (a) make reasonable, best efforts to seek the return of the documents or information, (b) inform the Designating Party of the disclosure and the relevant circumstances (including the identity of the person or entity to whom disclosure was made), and (c) advise the recipient(s) of the provisions of this Protective Order. This paragraph does not limit the remedies that the Designating Party may pursue for breach of this Protective Order.

9.     Upon conclusion of this action, all *originals and copies* of Confidential documents shall be returned to the Designating Party or destroyed by the Receiving Party, except that counsel of record may maintain (a) one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents

and other materials submitted to the Court that were designated as "Confidential;" and (b) attorney work product based on, containing, or reflecting documents or information designated as "Confidential" under this Protective Order. With respect to such documents, counsel shall remain bound by the terms of this Order even after the conclusion of the case. Further, upon conclusion of this action, each consultant who has received copies of Confidential documents during the course of this Litigation shall provide respective counsel with written confirmation that all copies of such materials have been returned or destroyed.

10. To the extent that Confidential documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order and such documents attached to the depositions shall be maintained under seal by the clerk or court reporter. A Producing Party may designate testimony and exhibits (or portions thereof) as Confidential by advising the court reporter and all parties of such fact either (a) on the record during the deposition or hearing, or (b) in writing within thirty (30) days after the Producing Party's counsel receives a hard, final copy of the deposition or hearing transcript. The failure of the Designating Party to timely notify a court reporter and all parties shall constitute a waiver of confidentiality only with respect

Page 7 of 10

to any Confidential documents used during that deposition.  In addition, during portions of depositions at which documents or information designated as "Confidential" are used, persons who are not entitled to access to the "Confidential" documents or information under the terms of this Protective Order shall be excluded.

11.    This Protective Order does not authorize or require a Producing Party to disclose documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege, work product protection, and joint defense or common interest privilege.  If a Producing Party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not waive applicable claims of privilege or protection.   After (a) written notice identifying privileged or protected documents that were inadvertently or mistakenly produced and (b) receipt of a privilege log relating to such documents, the Receiving Party shall (i) return or certify the destruction of all such documents within ten (10) business days and (ii) destroy any work product or portions of any work product containing or reflecting their contents.

1682274_1

12.     This Stipulated Protective Order is voluntarily agreed to by the parties in the interest of avoiding unnecessary disputes in the course of discovery and facilitating the production of information and documents requested by the parties in discovery. Nothing contained herein shall be construed as an admission by any party that any document or material is, in fact, a trade secret, proprietary, commercially sensitive, or otherwise entitled to protection from production, disclosure, retention or dissemination, or as a waiver or abandonment of any rights, privileges or arguments of the parties with respect to discoverability, retention, dissemination, admissibility or any proprietary or confidential characteristics of the documents produced under the terms of this stipulated confidentiality Order.

13.     This Order shall be binding upon the parties, upon their attorneys, upon all signatories hereto, as well as their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: 6/20/13

U.S. District Court Judge

Page 9 of 10

1682274_1

**AGREED AS TO FORM:**

EDWARDS, FRICKLE & CULVER          MOULTON BELLINGHAM PC


By:   /s/ Triel D. Culver                        By:   /s/ Ross W. McLinden
      A. Clifford Edwards, Esq.                Ross W. McLinden, Esq.
      Triel D. Culver, Esq.                   PO Box 2559
      1648 Poly Drive, Ste. 206               Billings, MT 59103-2559
      Billings, MT 59102

      Bruce A. Americus, Esq.                 Christopher R. Belmonte, Esq.
      Samuel W. Braver, Esq.                  Dai Wai Chin Feman, Esq.
      BUCHANAN INGERSOLL &                   SATTERLEE STEPHENS
      ROONEY PC                               BURKE & BURKE LLP
      301 Grant Street, 20th Floor            230 Park Avenue, Suite 1130
      Pittsburgh, PA 15219                    New York, NY 10169
      (Admitted *Pro Hac Vice*)               (Admitted *Pro Hac Vice*)

*ATTORNEYS FOR PLAINTIFF*          *ATTORNEYS FOR DEFENDANTS*


4824-3076-9683, v. 3

1682274_1